UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LARRY GAULDEN | CIVIL ACTION NO.: 2:16-cv-13875 |
| VERSUS | SECTION: L   DIVISON: (2) |
| BUZZI UNICEM USA, INC., <br> MIDWEST MATERIAL INDUSTRIES, INC., <br> RC LONESTAR, INC. AND <br> AMERICAN INTERNATIONAL GROUP, INC. | JUDGE ELDON E. FALLON <br><br> MAG. JUDGE <br> JOSEPH C. WILKINSON, JR. |

**MEMORANDUM IN SUPPORT OF
JOINT MOTION FOR SUMMARY JUDGMENT**

MAY IT PLEASE THE COURT:

Plaintiff, Larry Gaulden and Defendants, Lone Star Industries, Inc. d/b/a Buzzi Unicem USA (hereinafter sometimes collectively referred to as "Buzzi") and Buzzi's affiliates and insurers move for summary judgment dismissing the intervention of Arch Insurance Company (hereinafter "Arch") on the basis that Arch expressly waived its right to intervene for Louisiana Workers' Compensation Benefits against Buzzi by endorsement to the Arch Workers' Compensation policy. (Rec. Doc. 48-3, p. 158).

**I.    BACKGROUND**

This is a personal injury case. Plaintiff, Larry Gaulden, was working as a truck driver for Transwood, Inc. (hereinafter "Transwood"), a national carrier of product by 18-wheeler. Mr. Gaulden alleges he was injured at an intermodal truck terminal in New Orleans owned and operated by Buzzi and its affiliates on July 24, 2015. *See* Plaintiff's Petition for Damages (Rec. Doc. 1-3). Plaintiff was at Buzzi's cement terminal to receive a load of cement loaded by Buzzi into Transwood's trailer for delivery to a local construction project. *See* Intervention (Rec. Doc. 21). Transwood's trailer carried the load. Mr. Gaulden was paid to drive the truck to deliver the

load. At the time of the alleged accident, Transwood was insured for Workers' Compensation coverage by Intervenor. *Id*. Mr. Gaulden and Arch have alleged that Transwood was Mr. Gaulden's employer. Pursuant to Transwood's Workers' Compensation policy, Arch paid weekly benefits to Plaintiff and medical under the Louisiana Workers' Compensation laws. On December 12, 2016, Arch intervened in this matter for reimbursement of Workers' Compensation benefits. Arch also sought to have the Court recognize that its claim would be paid in preference and priority before any recovery to Plaintiff. Plaintiff answered the Intervention, demanded strict proof and claimed a Moody Fee. Defendant has also answered and amended its Answer, raising the Arch blanket waiver endorsement.

At the time of Plaintiff's July 24, 2015 incident, there was a contract between Buzzi and Transwood wherein Transwood agreed to accept Buzzi's insurance requirements as described in the Buzzi Unicem Carrier Policy. *See* Rec. Doc. 48-1 at. P. 1, 48-2 p. 1 and 5; and *see* Exhibit 1, Affidavit of Daniel Rinke, certifying the authenticity of this contract. This contract was in effect on July 24, 2015, the date of the incident. (*See* Exhibit 1; Rec. Doc. 48-1)

The Buzzi Unicem Carrier Policy requires that all truck carriers, including Transwood, carry Workers' Compensation insurance. *See* Rec. Doc. 48-2 at p. 1 and 5. The Buzzi Unicem Carrier Policy also requires that "[a]ll required insurance policies shall contain a waiver of subrogation in favor of Buzzi Unicem, its parent, subsidiary, related companies, its respective officers, directors, shareholders, agents, and employees." *Id* at p. 5.

The Workers' Compensation policy Arch provided to Transwood bears policy no. ZAWCI3003400. *See* Rec. Doc. 48-3. In relevant part, the policy contains "**Waiver of Our Right to Recover from Others Endorsement**" effective July 1, 2015 which states:

> We have the right to recover our payment from anyone liable for an injury covered by this policy. We will not enforce our right

> against the person or organization named in the Schedule…
>
> **SCHEDULE**
> **ANY PERSON OR ORGANIZATION WHERE WAIVER OF OUR RIGHT TO RECOVER IS PERMITTED BY LAW AND IS REQUIRED BY WRITTEN CONTRACT PROVIDED SUCH CONTRACT WAS EXECUTED PRIOR TO DATE OF LOSS.**

Record Doc. 48-3 at. p. 158. Transwood paid $5,002.00 in additional insurance premium in order to obtain this blanket waiver in Louisiana, as required by the Buzzi agreement. *Id* at p. 77.

## II. LAW AND ARGUMENT

Federal Rule of Civil Procedure 56(b) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(c); *Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986).

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there is some metaphysical doubt to the material facts. *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). The non-moving party must come forward with specific facts showing there is a genuine issue for trial. *Matsushita* at 587.

Both the state and federal courts in Louisiana have held that interventions should be dismissed when the intervenor waives its right to recover Workers' Compensation benefits. *Alexie v. Bisso Marine Co.* 2009, U.S. Dist. Lexis 44830 at p.2-3, *citing Fontenot v. Chevron*, 676 So.2d 557, 566 (La. 1996); *Hudson v. Forest Oil Corp.*, 372 F.3d 742, 743-44, 748 (5th Cir. 2004)); *see also Harris v. Tenneco Oil Co.*, 563 So.2d 317 (La. App. 4th Cir. 1990).

Furthermore, a plaintiff may enforce a subrogation waiver as a third-party beneficiary. *Alexie* 2009 U.S. Dist. Lexis 44830 at. p. 44830 (*citing Fontenot*, 676 So. 2d at p. 566). Arch produced a copy of its Workers' Compensation policy. Arch has waived subrogation under its Workers' Compensation Policy in favor of Buzzi, as evidenced by the contract between Buzzi and Transwood. Transwood paid Arch $5,002.00 for a blanket waiver to comply with the Buzzi contractual insurance requirements. Plaintiff, Larry Gaulden, and/or Buzzi may enforce the waiver of subrogation against Arch. Both move for that relief here. Therefore, Arch cannot seek recover benefits it paid to Plaintiff.

### III.  CONCLUSION

For the foregoing reasons, all other parties in this litigation jointly move this Honorable Court for an Order granting Summary Judgment and Dismissing the Intervention of Arch Insurance Company, with prejudice, at the cost of Intervenor.

Respectfully submitted,

SALLEY, HITE, MERCER & RESOR, LLC

*/s/David M. Flotte*
DAVID M. FLOTTE (#1364)
KEVIN M. FREY (#35133)
365 Canal Street, Suite 1710
New Orleans, LA 70130
Tel.:   (504) 566-8800
Fax:   (504) 566-8828
dflotte@shmrlaw.com
kfrey@shmrlaw.com

*Attorneys for Defendants, Lone Star Industries, Inc., Buzzi Unicem USA, Inc., Midwest Material Industries Inc., RC Lonestar Inc., National Union Fire Insurance Company of Pittsburgh, PA, and American International Group, Inc.*

and

- 5 -

                      GARNER & MUNOZ

                      */s/ T. RANDOLPH RICHARDSON*
                      T. RANDOLPH RICHARDSON (#11245)
                      JOHN G. MUNOZ (#9830)
                      1010 Common Street, Suite 3000
                      New Orleans, LA 70112-2411
                      Tel.:   (504) 581-7070
                      Fax:   (504) 581-7083
                      trichar994@aol.com
                      jgm1552@aol.com

                      *Attorneys for Plaintiff, Larry Gaulden*

## CERTIFICATE OF SERVICE

      We hereby certify that on June 20, 2017, We electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all persons electronically noticed.

                      */s/David M. Flotte*
                      David M. Flotte