UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | | |
|---|---|---|
| **LARRY GAULDEN** | \* | **CIVIL ACTION** |
| | \* | |
| **VERSUS** | \* | **NO. 16-13875** |
| | \* | |
| **BUZZI UNICEM USA, INC. ET AL** | \* | **SECTION "L"** |

## ORDER & REASONS

Before the Court is Defendant and Intervenor Arch Insurance Company's ("Arch") motion for summary judgment. R. Doc. 49. Arch asks the Court to dismiss Plaintiff's claims against it as Arch's policy does not provide coverage to Defendants for Plaintiff's accident, and even if the policy purported to do so, such a provision would be unenforceable under Louisiana law. Neither Plaintiff nor co-Defendants oppose the motion. Having reviewed Arch's motion and the applicable law, the Court now issues this Order and Reasons.

### I. BACKGROUND

This case involves a claim for damages arising from a personal injury. Plaintiff Larry Gaulden ("Gaulden") filed this Complaint in state court against Defendants Buzzi Unicem USA, Inc. ("Buzzi"), Midwest Material Industries Inc. ("Midwest"), RC Lonestar Inc. ("Lonestar") and American International Group, Inc. ("AIG"). R. Doc. 1-3. Plaintiff alleges all Defendants are foreign corporations organized and existing under the laws of states other than Louisiana, and that Buzzi, Midwest, and Lonestar own or operate the Buzzi Plant located at 14900 Intercoastal Drive in New Orleans, Louisiana, where the alleged accident occurred. R. Doc. 1-3 at 1, 2. Defendants removed the action from state court pursuant to diversity jurisdiction. R. Doc. 1 at 3.

Plaintiff contends that on July 24, 2015, he drove his tractor trailer to the Buzzi Plant in the course and scope of his employment with Transwood, Inc. ("Transwood"). R. Doc. 1-3 at 1.

1

While dry bulk concrete was being loaded in the trailer at the Buzzi facility, Plaintiff alleges he walked in front of his truck and a large rubber hose containing rubber cement moved suddenly, striking him on the leg and causing him to fall and land on his left shoulder, resulting in injuries requiring surgery. R. Doc. 1-3 at 2. R. Doc. 1-3 at 2, 3. Plaintiff contends his injuries were caused by Defendants' gross negligence, carelessness, and recklessness, and claims that Defendants should be strictly liable because the premises and the rubber hose were defective and inherently dangerous. R. Doc. 1-3 at 3. Plaintiff claims that Defendants Buzzi, Midwest, and Lonestar are liable as the owners or operators of the Buzzi Plant, who were in possession and control of the rubber hose at the time of the incident, and AIG is liable as the issuer of the liability insurance policy covering said Defendants. R. Doc. 1-3 at 2, 3. Plaintiff seeks damages for pain and suffering, loss of enjoyment of life, loss of income, loss of earning capacity, and medical expenses. R. Doc. 1-3 at 3.

Defendants answered and raised a number of affirmative defenses, including Plaintiff's failure to state a cause of action based upon strict liability and prescription, naming incorrect defendants, and failure to mitigate damages. R. Doc. 6 at 1-2. Defendants further aver that any accidents or injuries involving Plaintiff did not occur on their jobsite, and raise the defenses of comparative/contributory negligence, preexisting conditions, and spoliation. R. Doc. 6 at 2; R. Doc. 25 at 2.

Plaintiff filed an amended complaint, adding claims against Arch Insurance Company ("Arch"), who Plaintiff contends was the Defendant Buzzi's liability insurer at the time of the accident.[1] R. Doc. 15 at 3. Arch also filed an Intervenor Complaint seeking subrogation in its

---

[1] As discussed more fully below, Arch did not provide coverage directly to Buzzi, but rather Buzzi was listed as another named insured on Transwood's commercial general liability policy. Transwood was Plaintiff's employer at the time of the accident.

capacity as the Workers' Compensation Insurer, but those issues are not relevant to the current motion.. R. Doc. 21 at 3.

## II. PRESENT MOTIONS

### A. Arch's Motion for Summary Judgment (R. Doc. 49)

Defendant and Intervenor Arch seeks summary judgment dismissing Plaintiff's claims against it as Buzzi's liability insurer based on the terms of the policy and Louisiana law. R. Doc. 49-2 at 4. Arch contends it is not Defendant's primary insurer, as the Buzzi Carrier Policy does not contain an indemnity provision, and even if it did, such a provision would be unenforceable under Louisiana law. *Id*. Defendants required all carriers entering their facility to carry certain minimum insurance coverage. *Id*. This coverage was memorialized in a Certificate of Insurance naming Defendants as additional insureds. *Id.* Arch contends that this contract—the Buzzi Unicem USA Carrier Policy—is a motor carrier transportation contract, and governed by Louisiana Revised Statute 9:2780.1. *Id*.

> Louisiana Revised Statute 9:2780.1 provides in relevant part:
>
> [A]ny provision contained in or affecting a motor carrier transportation contract which purports to indemnify, defend, or hold harmless, the indemnitee from or against any liability for loss or damage resulting from the negligence or intentional acts or omissions of the indemnitee, an agent or employee of the indemnitee, or a third party over which the indemnitor has no control is contrary to the public policy of this state and is null, void, and unenforceable.

*Id.* at 6; citing La. R.S. 9:2780.1. Thus, Arch contends that under La. R.S. 9:2780.1, any contractual term which required Arch to indemnify Defendants for damages caused by their own negligence would be unenforceable. *Id.*

Further, Arch argues that the policy provides that "the insurance afforded to such additional insured only applies to the extent permitted by law." *Id.* at 8. Arch contends coverage under the policy is limited to bodily injury caused by its own insureds' actions, not the actions of

3

additional insureds their own property. *Id.* In other words, Arch only covers damages for bodily injury caused by Plaintiff's actions and not damages caused by Buzzi, Lonestar, or Midwest's negligence. Here, Arch avers the alleged incident was not a result of insured's, Transwood or Plaintiff Gaulden's, actions. *Id.* at 8. Therefore, Arch asks that this Court dismiss Plaintiff's claims against Arch with prejudice, at Plaintiff's cost. *Id.* at 9.

Neither Plaintiff nor co-Defendants oppose Arch's Motion.

### III. LAW AND ANALYSIS

#### i. Summary Judgement Standard

Summary judgment is appropriate when the record before a court supports the conclusion that there is no "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *See id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *see also Anderson*, 477 U.S. at 249-50. In ruling on a summary judgment motion, however, a court may not resolve credibility issues or weigh evidence. *See Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991). Furthermore, a court must assess the evidence and draw any appropriate inferences based on the evidence in the light most favorable to the

party opposing summary judgment. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001).

### ii. Analysis

In 2010, the Louisiana Legislature enacted La. R.S. 9:2780.1, which prohibits indemnity clauses in construction and motor transportation contracts. La. R.S. 9:2780.1. The statute provides:

> B. Notwithstanding any provision of law to the contrary and except as otherwise provided in this Section, any provision, clause, covenant, or agreement contained in, collateral to, or affecting a motor carrier transportation contract or construction contract which purports to indemnify, defend, or hold harmless, or has the effect of indemnifying, defending, or holding harmless, the indemnitee from or against any liability for loss or damage resulting from the negligence or intentional acts or omissions of the indemnitee, an agent or employee of the indemnitee, or a third party over which the indemnitor has no control is contrary to the public policy of this state and is null, void, and unenforceable.
> C. Notwithstanding any provision of law to the contrary and except as otherwise provided in this Section, any provision, clause, covenant, or agreement contained in, collateral to, or affecting a motor carrier transportation contract or construction contract which purports to require an indemnitor to procure liability insurance covering the acts or omissions or both of the indemnitee, its employees or agents, or the acts or omissions of a third party over whom the indemnitor has no control is null, void, and unenforceable. However, nothing in this Section shall be construed to prevent the indemnitee from requiring the indemnitor to provide proof of insurance for obligations covered by the contract.

La. R.S. 9:2780.1. The Legislature determined that such indemnity provisions "over which the indemnitor has no control is contrary to the public policy of this state and is null, void, and unenforceable." *Id.*; *see Louisiana Chem. Ass'n v. State*, 2012-0230 (La. App. 1 Cir. 1/9/13), *writ denied,* 2013-0343 (La. 4/19/13), 112 So. 3d 223.

Here, the parties do not dispute that the Buzzi Carrier Policy is a motor transportation contract. Nonetheless, Plaintiff seeks to recover under the policy based on a supposed indemnity provision. Any such indemnity provision in this Carrier Policy is null and unenforceable under Louisiana law. La. R.S. 9:2780.1; *see, e.g., Blanks v. Entergy Gulf States Louisiana, LLC*, 2015-

5

1094 (La. App. 3 Cir. 4/6/16), 189 So. 3d 599, 600 (holding that provision in insurance policy purporting to indemnify Defendant for damages caused by Defendant's own negligence was invalid under Louisiana law).[2] Arch does not have a duty to indemnify Defendants for Plaintiff's damages. Therefore, Plaintiff cannot recover against the Arch policy, and his claims against Defendant Arch should be dismissed.

## IV.　CONCLUSION

As the Court finds Arch's motion for summary judgment is supported in law and fact, and no party has put forth any evidence, or made any argument, as to why this motion should not be granted, summary judgment is appropriate. Therefore,

**IT IS ORDERED** that Arch Insurance Company's Motion for Summary Judgment, R. Doc. 49, is hereby **GRANTED**. Plaintiff's claims against Arch are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 29th day of June, 2017.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[2]　The facts in *Blanks* are similar to this case. Plaintiff was employed by Wastewater Specialties and was assigned to complete repairs at an Entergy plant. Entergy's contract with Wastewater required Wastewater's insurer to indemnify Entergy for any potential damages. When Plaintiff was injured as a result of Entergy's negligence, the Court held that the indemnity provision in the contract was unenforceable under La. R.S. 9:2780.1. *Blanks v. Entergy Gulf States Louisiana, LLC*, 2015-1094 (La. App. 3 Cir. 4/6/16), 189 So. 3d 599, 600.